IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PETE GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-95-D-BR |
| | § | |
| CITY OF AMARILLO, TEXAS, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY WITHOUT PREJUDICE AS MOOT DEFENDANT CITY OF AMARILLO'S MOTION TO DISMISS

Before the Court is the Motion to Dismiss filed by Defendant City of Amarillo, Texas ("City") under Federal Rules of Civil Procedure 12(b)(1) and (6). [ECF 3]. For the reasons explained below, the Court recommends that the Motion to Dismiss be DENIED without prejudice as moot.

### I. BACKGROUND

Pete Garcia ("Plaintiff") initiated this case by filing his Original Petition in the 320th Judicial District Court of Potter County, Texas, on April 25, 2018. [ECF 1 at Ex. 6]. Plaintiff's Original Petition brought claims of unlawful discrimination, harassment, failure to accommodate, unlawful interference, retaliation, and wrongful termination against the City, his former employer, under the Family Medical Leave Act ("FMLA"), the Texas Commission on Human Rights Act ("TCHRA"), and Texas common law. *Id.* On May 15, 2018, the City removed the case to this Court, [ECF 1], filed an Answer, [ECF 2], and filed the Motion to Dismiss pending before the Court, [ECF 3].

On July 31, 2018, the Plaintiff filed a Motion for Conditional Leave to Amend and File

First Amended Complaint ("Motion for Conditional Leave") seeking leave to amend his Original Petition to add claims under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"), if and when he received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). [ECF 23]. The City did not respond. On October 3, 2018, the Plaintiff filed an Advisory to the Court indicating that he had received a right-to-sue letter from the EEOC. [ECF 24]. On October 4, 2018, the Court granted the Plaintiff's Motion for Conditional Leave. [ECF 25]. That same day, the Plaintiff filed his First Amended Complaint, bringing claims under the FMLA, TCHRA, ADA, and Title VII, but not Texas common law. [ECF 26].

## II. ANALYSIS

Courts in the Northern District of Texas generally adhere to the school of thought that an amended complaint, which supersedes the original complaint as the operative live pleading, renders moot a motion to dismiss the original complaint. *See, e.g., Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016) ("When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot."); *Stredwick v. Dallas Margarita Soc'y, Inc.*, No. 3:12-CV-623-F, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) ("The filing of an amended complaint generally renders pending motions moot."); *State Farm Lloyds v. Tony Ray Brown*, No. 3:08-CV-318-O, 2009 WL 10678159, at *1 (N.D. Tex. Jan. 16, 2009) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). "However, a motion to dismiss that attacks the original

complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot. Rather, the court has the discretion to apply the original motion to dismiss to the amended complaint." *New World Int'l, Inc. v. Ford Glob. Techs., LLC*, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017).

The Court, having carefully reviewed the Plaintiff's First Amended Complaint and the City's Motion to Dismiss the Plaintiff's Original Petition, concludes that the City's Motion to Dismiss should be denied as moot. However, because the Court previously granted the Plaintiff's unopposed Motion for Conditional Leave, the undersigned recommends that a denial of the City's Motion to Dismiss should be without prejudice. *See Xtria, LLC v. Int'l Ins. All. Inc.*, No. CIV.A.309-CV-2228-D, 2010 WL 1644895, at *2 (N.D. Tex. Apr. 22, 2010) ("Because [the plaintiff] has been granted leave to amend, [the defendant's] motions to dismiss and for judgment on the pleadings are denied without prejudice as moot.").

## III. RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the City's Motion to Dismiss [ECF 3] be DENIED without prejudice as moot.

The Court notes that the City may either:

(1) utilize the 14-day period for filing objections in which to amend its previously filed Motion to Dismiss [ECF 3] to address the claims contained in the Plaintiff's First Amended Complaint [ECF 26], in which case the undersigned will withdraw these Findings, Conclusions, and Recommendation, or

(2) file objections to these Findings, Conclusions, and Recommendation.

## IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 29, 2018.

 

 

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).