IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PETE GARCIA, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL CASE NO. 2:18-cv-95-D |
| | § | |
| CITY OF AMARILLO, TEXAS, | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF EXPERT
WITNESS UNDER FEDERAL RULES OF EVIDENCE 702, 703 AND 704
AND OBJECTIONS TO TRUITT V. HAYES' EXPERT REPORT**

Pursuant to Federal Rules of Evidence 702-704 and the Scheduling Order (Doc. 40), the

City of Amarillo ("Defendant"), hereby moves the Court to exclude the Plaintiff's Expert Report

(Attached as Exhibit 1), and moves the Court to order that the opinions of Truitt V. Hayes of

Wilson, Haag & Co. P.C. described in this Motion, together with any opinions that are variations

of, or that rely upon the described opinions, be deemed to be unreliable, and as not constituting

admissible evidence and be excluded from this action. In support of this Motion, the Defendant

respectfully shows the Court the following:

**I.    Introduction**

Petitioner, Pete Garcia ("Garcia") designated Truitt V. Hayes as an expert in this case to

opine to the value of lost wages and retirement income for Pete Garcia. Mr. Hayes' February 1,

2019 report ("Hayes Report")[1] should be excluded because it is not reliable or helpful.  The Hayes

Report is flawed because it is based upon insufficient facts or data and is methodologically

---

[1] Hereinafter references to "Hayes Report" shall be to Exhibit 1, attached hereto.

unreliable.

## II. Objections

### A. The Hayes Report Is Not Reliable Because It Is Based Upon Insufficient Facts Or Data.

#### 1. Back Pay Analysis.

Mr. Hayes calculated back pay from December 1, 2017 to February 1, 2019 (the date of his report). Relying on this allotment of time is inaccurate. This period of time purportedly represents 32 pay periods in which Mr. Garcia is entitled to back pay. In assessing this period of time, Mr. Hayes fails to account for the 67.9 hours Mr. Garcia received payment for during the pay period ended December 6, 2017, which results in an overstated amount of time assessed for the back pay period equivalent to approximately 0.6 paychecks. Therefore, Mr. Garcia would only have received payment for approximately 1.4 paychecks in 2017.

Furthermore, it appears Mr. Garcia was consistently employed within a part-time capacity with another employer, which was not considered, identified, or factored by Mr. Hayes in his analysis. A comparison of the gross wages reported in Mr. Garcia's W-2 forms he received from the City of Amarillo to the total wages reported in his individual income tax returns for tax years 2013–2017 indicates that Mr. Hayes earned additional wages from another employer that was not accounted for by Mr. Hayes. The failure to identify or investigate this additional employment income does not accurately present the earnings capacity of Mr. Garcia.

Additionally, Mr. Hayes states that he calculates the base pay before overtime earned by Mr. Garcia from his employment with the City of Amarillo to be $2,530 per pay period by referencing the past 26 pay periods ending with the date of termination. There are no illustrations, supporting schedules, or mathematical calculations to demonstrate how he arrived at his base pay calculation. As a result, it is not possible to corroborate the calculation for Mr. Garcia's base pay of $2,530 with

what is disclosed in the Hayes Report.

Additionally, Mr. Hayes calculated an average of 8.75 for overtime hours worked per pay period by Mr. Garcia during the 26 pay periods preceding June 2017, which he claims is the time period prior to when Mr. Garcia sustained an injury. The Hayes Report does not provide assumptions, nor does it demonstrate how the 8.75 average overtime hours worked by Mr. Garcia is calculated.

Firefighters in the Amarillo Fire Department are compensated for scheduled and unscheduled overtime pay when they are required to work over 53 hours in a week. The overtime rate for scheduled overtime pay differs from the overtime rate for unscheduled overtime. Mr. Hayes does not distinguish what portion of the overtime hours are attributable to scheduled versus unscheduled overtime, thus resulting in an unsupported commingling of overtime rates and hours worked in a given pay period.

Mr. Hayes states that he used the overtime rate from the Amarillo Fire Department pay stubs of $33.905 by looking at the overtime rates preceding June 2017 following the same timeframe utilized in the average overtime hour analysis. A review of the pay stubs for Mr. Garcia shows that the average overtime rate for OT @ 1.5 is $33.787 and that the rate of pay for OT @ 1.5 at the time of injury was $33.905. Therefore, the overtime rate Mr. Hayes utilizes in his report of $33.905 is not consistent with the indication in the Hayes Report that the overtime rate was determined by looking at an average overtime rate. [See Hayes Report, pg. 2.]

Mr. Hayes's methodology is not reliable in that (1) he did not calculate the correct back pay period, (2) he failed to consider mitigating earnings from additional employment Mr. Garcia received, (3) he did not calculate the overtime rate over the period specified in his report, (4) and, he did not consider scheduled versus unscheduled overtime in his overtime rate analysis.

### 2. Front Pay (Future Wages).

Mr. Hayes uses a blended Treasury rate as of January 1, 2019 as a discount rate to calculate the present value of lost future wages. It is inappropriate to use a blended Treasury rate as of January 1, 2019. It is more appropriate to apply the 30-year treasury rate as of February 1, 2019 of 2.76%. The 30-year treasury rate is more appropriate because it reflects a more accurate representation of time factoring into the amount Mr. Garcia may be awarded to make him whole over his lifetime but for the alleged wrongful termination.

Furthermore, Mr. Hayes did not provide a mathematical model demonstrating how he calculated the present value of future lost wages, making it impossible to test or replicate his methodology for calculating present value.

### 3. Retirement.

The Hayes Report utilizes life expectancy assumptions for Mr. Garcia based on government statistics. Mr. Hayes offers no correlation or other inference as to how his mortality assumptions take into account the actual age, health, lifestyle, and other individual factors specific to Mr. Garcia. This critical assumption is unsupportable and speculative.

### B. The Hayes Report Is Not Reliable Because It Is Methodologically Unreliable.

### 1. Back Pay Analysis.

Mr. Hayes fails to consider all the back pay earnings received by Mr. Garcia from BNSF Railway Company as of the date of his report. Mr. Garcia was employed by BNSF Railway Company beginning around November 26, 2018 and earned at least $15,988. [See PG_000504-PG000507]. Mr. Hayes applied a credit of $12,789 to Mr. Garcia's back pay analysis.

Mr. Garcia produced paystubs from this employer that included employment from November

26, 2018 to January 15, 2019, amounts included within Mr. Garcia's overall compensation were trip pay and union incentive pay. This evidences his ability to travel, and to have union representation through employment with the rail road. This compensation was earned during the back pay period but only a portion, $12,789, was included as mitigating earnings by Mr. Hayes in his back pay analysis. Failure to include the entire amount of $15,988 renders the conclusion for back wages to be unreliable.

### 2. Front Pay (Future Wages).

The Hayes Report fails to provide any consideration for mitigating earnings against front pay, which is methodologically inconsistent with how front pay is calculated. The fact that Mr. Garcia was able to get a job with the rail road after his termination with the City of Amarillo at a compensation level commensurate with his pay as a firefighter for the City of Amarillo demonstrates Mr. Garcia's present capacity to earn income. This fact directly contradicts the conclusions presented in the Hayes Report.

Mr. Hayes also calculated a new earnings base in the amount of $3,229/pay period as a starting point for the front wage analysis. My Hayes derives the new earnings base of $3,229 from Mr. Garcia's W-2 information that he states is adjusted for deferred compensation and an estimate of the last month of pay in 2017. This earnings base cannot be verified, calculated, or otherwise tested from the information and disclosures provided in the Hayes Report.

Further, the methodology applied in the front pay analysis to calculate the earnings base is inconsistent with Mr. Hayes's calculation of an earnings base for the back pay analysis of $2,830/pay period. The additional $399 per pay suggested by the future pay represents a 14% increase in the amount of compensation to Mr. Garcia between the back pay period and future pay. This unexplained increase in the calculated future wage earnings base is methodologically inconsistent

with how back pay was calculated. This inconsistency renders the front pay calculation to be methodologically unreliable.

With respect to pay increases, firefighters employed by the City of Amarillo receive increases to their hourly rate based on a step-raise system related to their position and tenure with the fire department. Mr. Garcia was employed with the Amarillo Fire Department for over 20 years and had reached the maximum level of step raises for his position as a firefighter. This resulted in him being eligible only for cost of living adjustments to his wages. Mr. Hayes did not reference or otherwise provide any consideration for the step-raise system when calculating his growth rate in Mr. Garcia's future earnings base. He calculated the change in wages reported from the Amarillo Fire Department Form W-2s year-over-year during the four year period from 2014–2017. He then took an average of the year-over-year calculated changes in wages resulting in a 2.39% rate. Mr. Hayes's calculation is also methodologically flawed because it does not distinguish between the growth in wages attributable to overtime which should already be captured in base earnings and growth in wages attributable to hourly rate increases.

The cost of living adjustments for the Amarillo Fire Department are published annually in the City of Amarillo Comprehensive Annual Financial Report ("CAFR") and Budget. The City of Amarillo's annual increase in pay for the Amarillo Fire Department since the 2016 fiscal year has been 1%. The assumptions relied on by Mr. Hayes fail to consider the actual policies of the Amarillo Fire Department relating to annual compensation increases. There is no mention in the Hayes Report of any of these factors.

### 3. Retirement. [2]

The retirement calculation in the Hayes Report is a replication of the Amarillo Firemen's Relief & Retirement Fund calculation. The output of the calculation is driven by the average of the last three years' earnings before Mr. Garcia's expected retirement at age 55. As such, the calculation is dependent upon the outputs of the Front Pay calculation. The Front Pay calculation is not methodologically reliable and, therefore, renders Mr. Hayes's retirement calculation methodologically unreliable. This calculation could also be impacted by Garcia's actual receipt of retirement benefits.

## II.    Conclusion

In summary, the Hayes Report is not reliable because it is based upon insufficient facts or data and it is methodologically unreliable. A table summarizing the original economic damages calculated by Mr. Hayes and the corrections made to Mr. Hayes' calculations of economic damages by the Defendant's expert, Whitley Penn, follows:

| Damages Components | Hayes | Whitley Penn |
|---|---:|---:|
| Back Pay | 66,396 | 60,267 |
| Future Pay | 458,910 | 24,470 |
| Retirement | 237,488 | - |
| **Total** | **762,794** | **84,737** |
| | | |
| Pre-Judgment Interest | *Incl. above* | 1,145 |
| **Total including Interest** | **$762,794** | **$85,882** |

---

[2] Plaintiff began drawing retirement benefits from the Amarillo Firefighter's Retirement Fund, effective June 1, 2019. The City is awaiting additional documents from the Firefighter's Retirement Fund, and reserve the opportunity to modify or amend these objections in light of the additional information received.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests the Court grant this Motion to exclude the Plaintiff's Expert Report.

Dated: August 12, 2019

Respectfully submitted,

*/s/ Bettye Lynn*
State Bar No. 11540500
Lynn Law, PLLC
306 West Broadway Avenue
Fort Worth, Texas 76104
Telephone: (817) 332-8504
Facsimile: (817) 332-8548
blynn@lglawfirm.com
Of Counsel
**LLOYD GOSSELINK ROCHELLE &
TOWNSEND, P.C.**

Bryan McWilliams
City Attorney
State Bar No. 24049776
Bryan.McWilliams@amarillo.gov
Leslie Spear Schmidt
Senior Assistant City Attorney
State Bar No. 21202700
Leslie.Schmidt@amarillo.gov
**CITY OF AMARILLO**
601 S. Buchanan, City Hall
Amarillo, Texas 79101
Telephone: (806) 378-6067
Facsimile: (806) 378-5262

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on the 12th day of August 2019, a true and correct copy of the foregoing was served to the following counsel of record; via email:

Shawn D. Twing
Mullin, Hoard & Brown, LLP 500
South Taylor, Suite 800
Amarillo, Texas 79120
stwing@mhba.com

Elizabeth Bones
Mullin, Hoard & Brown, LLP 2515
McKinney Ave., Suite 900
Dallas, Texas 75201
bbones@mhba.com

*/s/ Bettye Lynn*
